# EXHIBIT F

21 MC 102
In Re: World Trade Center Lower Manhattan Disaster Site Litigation

Summary of Information From Short Form "Check Off" Complaints

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| **No.** | **Plaintiff** | **Docket No.** | **Alleges Work for Tully or Named Sub-Contractors** | **Work for Non-"Tully" Companies** | **Job Title** | **Work Sites Other than "WTC Site" as Defined in CMO 3** | **Alleges Work at DB Building other than from 1/8/02 to 7/1/02** |
| 1 | **Acosta, Byron** | 07cv1552 | No | LVI Environmental Services, Inc. | Handler | | Yes |
| 2 | **Adriano, Luis** | 07cv4445 | No | ETS Contracting and PAL | Asbestos handler | 1 Liberty Plaza; Post Office | Yes |
| 3 | **Agudelo, Gladys** | 07cv4446 | No | Comprehensive Environmental | Asbestos cleaner | 1 Federal Plaza; 100 Church Street; 70 Pine Street; 75 Park Place; High School of Economics and Finance | No |
| 4 | **Ali, Enrique** | 07cv1554 | No | PAL Environmental Safety | Supervisor | 1 Liberty Plaza | Yes |
| 5 | **Allivar, Raul** | 05cv9821 | No | PAL Environmental Safety | Handler | 150 Broadway; 1 Liberty Plaza; Post Office (90 Church Street) | Yes |
| 6 | **Alvarez, Maria** | 05cv10135 | No | Kiss Construction and PAL | Handler | 90 Trinity Place; High School of Economics & Finance; Post Office; Stuyvesant High School | Yes |
| 7 | **Alvarracin, Jose** | 07cv1556 | No | Pinnacle Environment | Asbestos handler | Post Office | Yes |
| 8 | **Arsenault, Kirk** | 04cv5338 | Yes: Manfort Brothers | None | Burner | | Yes |
| 9 | **Ascencio, Ivan** | 07cv1460 | No | ETS Contracting | Laborer-asbestos | High School of Economics & Finance | Yes |
| 10 | **Atiencia, Marcelo** | 07cv1562 | No | LVI Environmental Services, Inc. | Handler | Stuyvesant High School | Yes |
| 11 | **Bailon, Peter** | 07cv5336 | No | Pinnacle Environmental Corp. | Supervisor | Post Office | Yes |
| 12 | **Barahona, Jose** | 07cv5550 | No | Pinnacle Environmental Corp. and Trade Winds Environmental Restoration | Handler | 100 Church Street | Yes |
| 13 | **Betancourt, Hector** | 07cv4453 | No | ETS Contracting, Inc. and PAL Environmental Safety | Handler | 1 Liberty Plaza | Yes |
| 14 | **Burgos, Leopoldo** | 07cv1473 | No | PAL Environmental Safety | Handler | | Yes |

21 MC 102
In Re: World Trade Center Lower Manhattan Disaster Site Litigation

Summary of Information From Short Form "Check Off" Complaints

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| No. | Plaintiff | Docket No. | Alleges Work for Tully or Named Sub-Contractors | Work for Non-"Tully" Companies | Job Title | Work Sites Other than "WTC Site" as Defined in CMO 3 | Alleges Work at DB Building other than from 1/8/02 to 7/1/02 |
| 15 | **Caguana, Manuel** | 06cv11968 | Yes: EROC | None | Laborer | | Yes |
| 16 | **Calero, Ivan** | 07cv1575 | No | PAL Environmental Safety | Shop steward | | Yes |
| 17 | **Calle, Wilson** | 07cv1578 | No | Pinnacle Environment | Asbestos handler | Post Office | Yes |
| 18 | **Campoverde, Rey R.** | 07cv5280 | No | PAL Environmental Safety | Hander | Post Office | Yes |
| 19 | **Campozano, Esther** | 07cv4459 | No | Pinnacle Environment | Asbestos handler | | Yes |
| 20 | **Cardenas, Edison** | 07cv1580 | No | PAL Environmental Safety | Handler | Millenium Hilton Hotel | Yes |
| 21 | **Castillo, Silvia** | 05cv1718 | No | Branch | Handler | | Yes |
| 22 | **Chuva, Nancy** | 07cv1589 | No | Trio Asbestos | Asbestos handler | Post Office | Yes |
| 23 | **Cintron, Yolanda** | 06cv5631 | No | CES | Asbestos handler | 160 Water Street; Stuyvesant High School | Yes |
| 24 | **Cortez, Jorge E.** | 07cv5394 | No | Galt John Corp. | Handler | | Yes |
| 25 | **Cortijo, Lidia** | 07cv317 | No | LVI Environmental Services, Inc., PAL Environmental Safety and Pinnacle Environmental Corp. | None | 101 Barclay Street; 4 Albany Street; Hudson View East | Yes |
| 26 | **Criollo, Nancy** | 07cv4462 | No | PAL Environmental Safety | Cleaner | 1 Liberty Plaza | Yes |
| 27 | **Dota, Clara** | 07cv1602 | No | Asbestos Lead and Hazardous Materials Laborers | Asbestos handler | Post Office; Equitable Building | Yes |
| 28 | **Drake, Jesse** | 07cv5353 | No | Nastasi Eurotech | Carpenter | | Yes |

21 MC 102
In Re: World Trade Center Lower Manhattan Disaster Site Litigation

Summary of Information From Short Form "Check Off" Complaints

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| **No.** | **Plaintiff** | **Docket No.** | **Alleges Work for Tully or Named Sub-Contractors** | **Work for Non-"Tully" Companies** | **Job Title** | **Work Sites Other than "WTC Site" as Defined in CMO 3** | **Alleges Work at DB Building other than from 1/8/02 to 7/1/02** |
| 29 | **Drozdz, Stanislaw** | 06cv14620 | No | Pinnacle, Trade Winds, Trio Asbestos | Asbestos handler | 101 Barclay Street; 111 Wall Street; 140 Broadway; 70 Pine Street; Gillespi Building; Hudson View East; Parc Place; Stuyvesant High School | Yes |
| 30 | **Duarte, Inerva** | 07cv1603 | No | Safeway Construction, Inc. and Safeway Environmental Corp. | None | | Yes |
| 31 | **Dutan, Elvia** | 07cv1606 | No | Pinnacle Environment | Office cleaner/ handler | Post Office | Yes |
| 32 | **Encalada, Jorge** | 07cv1607 | No | PAL Environmental Safety and Pinnacle Environmental Safety | Handler | | Yes |
| 33 | **Franco, Luis** | 07cv4466 | No | PAL Environmental Safety | Handler | | Not Provided |
| 34 | **Frelas, Janina** | 07cv1612 | No | ETS Contracting, Inc. and Safeway Environmental Corp. | Asbestos handler and handler | 233 Broadway | Yes |
| 35 | **Gallardo, Norbeto** | 07cv5290 | No | Pinnacle Environmental Corp. | Handler | | No |
| 36 | **Garcia, Viviana** | 07cv1617 | No | Comprehensive Environmental | Asbestos handler | Jacob K. Javits Federal Building | Yes |
| 37 | **Gaspar, Peter** | 05cv10739 | No | ETS Contracting, PAL, Pinnacle | Supervisor and asbestos | Post Office | Yes |
| 38 | **Gawin, Leonard** | 07cv1619 | No | PAL Environmental Safety, Safeway Environmental Corp., and Trade Winds Environmental Restoration | Asbestos handler | 101 Barclay Street; 170 Broadway; 76 Varick Street; 95 Maiden Lane | Yes |
| 39 | **Giamo, Samuel T.** | 06cv11676 | No | FDNY | Firefighter | | Yes |

21 MC 102
In Re: World Trade Center Lower Manhattan Disaster Site Litigation

Summary of Information From Short Form "Check Off" Complaints

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| **No.** | **Plaintiff** | **Docket No.** | **Alleges Work for Tully or Named Sub-Contractors** | **Work for Non-"Tully" Companies** | **Job Title** | **Work Sites Other than "WTC Site" as Defined in CMO 3** | **Alleges Work at DB Building other than from 1/8/02 to 7/1/02** |
| 40 | **Giraldo, Hitien E.** | 07cv5554 | No | PAL Environmental Safety | Handler | | Yes |
| 41 | **Gualpa, Rosa** | 07cv4472 | No | Pinnacle Environmental Corp. | Asbestos cleaning | 170 Broadway | Yes |
| 42 | **Guzman, Armando** | 07cv5556 | No | Branch | Asbestos worker | | Yes |
| 43 | **Hernando, Nidia** | 07cv4473 | No | Pinnacle Environment | Handler asbestos | | Yes |
| 44 | **Hurtado, Julio** | 07cv5295 | No | Kiss Construction, Inc., LBI-ABAS, Locat 78, PAL Environmental Safety, Pinnacle Environmental Corp. | Not Provided | 63 Wall Street; 90 Chambers Street; P.S. 234 Independence School; West Street Building | Yes |
| 45 | **Idrovo, Manuel** | 07cv1628 | No | Local 78 | Cleaner | Post Office | Yes |
| 46 | **Idrovo, Edgar** | 07cv1627 | No | Pinnacle Environment | Asbestos cleaner | | Yes |
| 47 | **Inga, Jorge** | 07cv1629 | No | LVI Environmental Services, Inc. | Handler | Post Office; West Street Building | Yes |
| 48 | **Jablonski, Jozef** | 07cv1630 | No | PAL Environmental Safety and Trade Winds Environmenal Restoration | Asbestos handler | Post Office | Yes |
| 49 | **Jaramillo, Jonas** | 06cv14746 | No | Branch, PAL Environmental Safety, Pinnacle Environmental Corp., Trade Winds Environmental Rest. | Asbestos handler | 100 Church Street | Yes |
| 50 | **Karus, Marian** | 07cv1635 | No | LVI Environmental Services, Inc., PAL Environmental Safety, and Pinnacle Environmental Corp. | Asbestos handler and handler | P.S. 89 | Yes |

Summary of Information From Short Form "Check Off" Complaints

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| No. | Plaintiff | Docket No. | Alleges Work for Tully or Named Sub-Contractors | Work for Non-"Tully" Companies | Job Title | Work Sites Other than "WTC Site" as Defined in CMO 3 | Alleges Work at DB Building other than from 1/8/02 to 7/1/02 |
| 51 | **Kosowski, Edward** | 07cv5299 | No | PAL Environmental Safety, and Trade Winds Environmental Rest. | Asbestos handler | 100 Church Street; 101 Barclay Street; 160 Water Street; 1 Liberty Plaza; Post Office; P.S. 234 Independence School | Yes |
| 52 | **Lascano, Ana** | 05cv9333 | No | PAL Environmental | Cleaner | 150 Broadway; 1 Liberty Plaza; Post Office | Yes |
| 53 | **Lasica, Andrzej** | 07cv4480 | No | PAL Environmental Safety, Pinnacle Environmental Corp. | Asbestos handler | High School of Economics & Finance; Hudson View East; Sytuvesant High School | Yes |
| 54 | **Lenis, Carlos** | 06cv10045 | No | CES | Supervisor | | Yes |
| 55 | **Leon, Ines** | 07cv4481 | No | PAR Environmental Corp., and Pinnacle Environmental Corp. | Not Provided | 90 Trinity Place; High School of Economics & Finance; Post Office; P.S. 234 Independence School | No |
| 56 | **Leon, Cesar** | 07cv63 | No | Safeway Environmental Corp. | Handler | | Yes |
| 57 | **Loja, Wilmo** | 07cv4482 | No | Pinnacle Environment | Handler | | Yes |
| 58 | **Lucero, Fernando** | 07cv5366 | No | Pinnacle Environmenal Corp. | Handler | 55 Water Street; Post Office | Yes |
| 59 | **Medina, Rosa** | 07cv4491 | No | TBP | To be supplied | Post Office | Yes |
| 60 | **Melendez, Maria** | 07cv5397 | No | PAL Environmental Safety | Handler | | Yes |
| 61 | **Mendez, Juan** | 07cv1664 | No | Local 78 | Asbestos handler | One Liberty Plaza | Yes |
| 62 | **Merchan, Carlos** | 07cv1665 | No | Pinnacle Environment Corp. | Asbestos handler | | Yes |
| 63 | **Mora, Eugenio** | 06cv13168 | No | PAL Environmental Safety | Cleaner | 100 Church Street; Post Office; Stuyvesant High School | Yes |
| 64 | **Morales, Tatiana** | 07cv5370 | No | Pinnacle Environment Corp. | Asbestos handler | Post Office | Yes |

21 MC 102
In Re: World Trade Center Lower Manhattan Disaster Site Litigation

Summary of Information From Short Form "Check Off" Complaints

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| No. | Plaintiff | Docket No. | Alleges Work for Tully or Named Sub-Contractors | Work for Non-"Tully" Companies | Job Title | Work Sites Other than "WTC Site" as Defined in CMO 3 | Alleges Work at DB Building other than from 1/8/02 to 7/1/02 |
| 65 | **Moreno, Sandra** | 07cv1670 | No | LVI Environmental Services, Inc. and Trio Asbestos | Not Provided | | Yes |
| 66 | **Naranjo, Luis** | 05cv10738 | No | Local 78, LVI Environmental Services, Inc., PAL Environmental Safety, Pinnacle Environmental | Cleaner and cleaner/ asbestos handler | Hudson View East; 1 Liberty Plaza; Post Office; Stuyvesant High School | Yes |
| 67 | **Naranjo, Walter** | 07cv4496 | No | Pinnacle Environment | Cleaner | 25 Broadway; 90 Trinity Place; High School of Economics and Finance; Hudson View East; P.S. 234 Independence School; Stuyvesant High School | Yes |
| 68 | **Negrete, Oscar** | 07cv5371 | No | PAL Environmental Safety | Handler | 233 Broadway | Yes |
| 69 | **O'Connell, Sean** | 07cv5374 | No | Volunteer | Volunteer | | To be provided |
| 70 | **Palaguachi, Rosa** | 07cv1680 | No | Branch | Asbestos cleaner | | Yes |
| 71 | **Reynolds, David** | 07cv3446 | No | Nastasi Eurotech | Carpenter | 10 Liberty Street; American Stock Exchange; West Street Building | Yes |
| 72 | **Rhoden, Marcel** | 07cv5311 | No | Site Safety, LLC | Safety manager | | Yes |
| 73 | **Riera, Maximo** | 07cv1519 | No | Comprehensive Environmental | Handler | | Yes |
| 74 | **Rodas, Patricio** | 07cv1694 | No | Pinnacle Environmental Corp. | Handler | Post Office | Yes |
| 75 | **Rojas, Jaime** | 07cv4511 | No | Pinnacle Environmental Corp. | Asbestos handler | 100 Church Street; Millenium Hilton Hotel; Post Office | Yes |

21 MC 102
In Re: World Trade Center Lower Manhattan Disaster Site Litigation

Summary of Information From Short Form "Check Off" Complaints

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| **No.** | **Plaintiff** | **Docket No.** | **Alleges Work for Tully or Named Sub-Contractors** | **Work for Non-"Tully" Companies** | **Job Title** | **Work Sites Other than "WTC Site" as Defined in CMO 3** | **Alleges Work at DB Building other than from 1/8/02 to 7/1/02** |
| 76 | **Romaniuk, Mieczyslaw** | 07cv5316 | No | LVI Environmental Services, Inc., PAL Environmental Safety, Pinnacle Environmental Corp., Safeway | Asbestos handler | 1 Federal Plaza; 1 Wall Street; 100 Church Street; High School of Economics and Finance; Hudson View East | Yes |
| 77 | **Salazar, Victor** | 07cv4512 | No | Pinnacle Environmental Corp. | Handler | Hudson View East | Yes |
| 78 | **Sanchez, Rosa** | 06cv12488 | No | TBP | TBP | | Yes |
| 79 | **Sanchez, Edilberto** | 07cv5384 | No | PAL Environmental Safety | Asbestos handler | | Yes |
| 80 | **Santamaria, Emanuel** | 07cv1528 | No | PAL Environmental Safety | Handler | | Yes |
| 81 | **Sarmiento, Galo** | 07cv1529 | No | PAL Environmental Safety | Handler | 20 Broad Street; 55 Water Street; West Street Building | Yes |
| 82 | **Sarmiento, Edwin** | 07cv4515 | No | Kiss Construction, Inc. | Asbestos handler | 160 Water Street 24 Broadway; 63 Wall Street; 90 Trinity Place; High School of Economics and Finance (100 Trinity Place); Hudson View East; 1 Liberty Plaza; Post Office; Stuyvesant High School; P.S. 234 Independence School | Yes |
| 83 | **Serrano, Theresa** | 05cv8937 | No | PAL Environmental Safety | Handler | | Yes |
| 84 | **Siguencia, Raul** | 07cv1533 | No | Pinnacle Enviromenal Corp. | Handler | | Yes |
| 85 | **Suarez, Felipe** | 07cv1707 | No | Pinnacle Enviromenal Corp. | Asbestos handler | | Yes |
| 86 | **Sumba, Samuel** | 07cv1710 | No | Pinnacle Enviromenal Corp. | Handler | 63 Wall Street; Hudson View East; Stuyvesant High School; The Equitable Building | Yes |
| 87 | **Tamayo, Pedro** | 07cv1538 | No | Pinnacle Enviromenal Corp. | Cleaner | 101 Barclay Street | Yes |

21 MC 102
In Re: World Trade Center Lower Manhattan Disaster Site Litigation

Summary of Information From Short Form "Check Off" Complaints

| A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|
| **No.** | **Plaintiff** | **Docket No.** | **Alleges Work for Tully or Named Sub-Contractors** | **Work for Non-"Tully" Companies** | **Job Title** | **Work Sites Other than "WTC Site" as Defined in CMO 3** | **Alleges Work at DB Building other than from 1/8/02 to 7/1/02** |
| 88 | **Teham, Nicholas** | 07cv5564 | No | Regional Scaffolding | Carpenter | | Yes |
| 89 | **Tenezaca, Julia** | 07cv1714 | No | Pinnacle Enviromenal Corp. | Handler | | Yes |
| 90 | **Teran, Cesareo** | 07cv5389 | No | Comprehensive Environmental | Handler | | Yes |
| 91 | **Thorpe, Jeanne** | 07cv1715 | No | PAL Environmental Safety | Asbestos handler | Trinity Church | Yes |
| 92 | **Valencia, Carlos A.** | 07cv5324 | No | Maxons Restoration, Inc. | Cleaner | 100 Church Street; 100 Gateway Plaza; 101 Barclay Street; 200 Gateway Plaza; 400 Gateway Plaza | Yes |
| 93 | **Vasquez, Rommel** | 07cv1543 | No | PAL Environmental Safety | Handler | Stuyvesant High School | Yes |
| 94 | **Vazquez, Kattia** | 07cv1722 | No | PAL Environmental Safety | Asbestos handler | Post Office | Yes |
| 95 | **Vega, Severo** | 07cv4521 | No | PAL Environmental Safety | Handler | 1 Liberty Plaza | Yes |
| 96 | **Villarroel, Segundo** | 07cv1546 | No | PAL Environmental Safety | Handler | Stuyvesant High School | Yes |
| 97 | **Villarruel, Kleber** | 06cv13703 | No | PAL Environmental Safety | Foreman | 1 Liberty Plaza | Yes |
| 98 | **Walsh, Kevin** | 06cv12608 | No | Nastasi Eurotech | Carpenter | | Yes |
| 99 | **Waniurski, Robert** | 07cv4524 | No | LVI Environmental Services, Inc., PAL Environmental Safety, and Pinnacle Environmental Corp. | Asbestos handler | 30 Rockefeller Plaza | Yes |
| 100 | **Watson, Ancil** | 07cv5391 | Yes: Tulley's [sic] Construction Company | None | Laborer | | Yes |
| 101 | **Wragg, Clarence** | 06cv8125 | No | Trade Winds Environmental Restoration | Asbestos worker | | Yes |

# EXHIBIT G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

IN RE: WORLD TRADE CENTER

LOWER MANHATTAN DISASTER 21 MC 102 (AKH)

SITE LITIGATION

------------------------------x

New York, N.Y.
June 15, 2007
1:05 p.m.

Before:

HON. ALVIN K. HELLERSTEIN,

District Judge

APPEARANCES

WORBY GRONER EDELMAN & NAPOLI BERN LLP
Attorneys for Plaintiffs
BY: WILLIAM H. GRONER
MARC J. BERN
WILLIAM J. DUBANEVICH
-AND-
GREGORY J. CANNATA & ASSOCIATES
BY: GREGORY J. CANNATA
-AND-
ROBERT A. GROCHOW PC
BY: ROBERT A. GROCHOW

APPEARANCES (cont'd.)

PATTON BOGGS LLP
Attorneys for Defendant City of New York
BY: JAMES E. TYRRELL, JR.
JOSEPH E. HOPKINS

FLEMMING ZULACK WILLIAMSON ZAUDERER LLP
Attorneys for Defendant Silverstein Properties, Inc.
BY: THOMAS A. EGAN

KIRKLAND & ELLIS LLP
Attorneys for Defendant Verizon New York
BY: LEE ANN STEVENSON

STERN TANNENBAUM & BELL LLP

worked out, Napoli Bern firm needs to perform a check-off complaint which is commensurate with the one that was finalized by liaison counsel for plaintiffs in the 102 docket.

MR. CANNATA: Your Honor, part of the difficulty that we have is is that the Court's order required the complaints to be filed before they were finalized. And that was part of the difficulty.

However, I understand that there are no firemen and policemen plaintiffs in this docket. And if you recall the last conference, we addressed this issue and you ordered that the 205(e) claims should be taken out. And that's what we did. And as far as I know, there aren't any --

THE COURT: So if they are still in, I guess they'll be fixed up.

MR. CANNATA: It's not a problem, Judge. There are no plaintiffs that are claiming that basis for a suit.

THE COURT: Mr. Hopkins. Again, I don't have a basis to resolve that. There's a substantive point here. The point is that a fireman and a policeman are not allowed to sue the City, I guess, for damages where they can recover the analog to workmen's compensation. That's the point, isn't it?

MR. CANNATA: No, Judge, that's incorrect.

THE COURT: Incorrect.

MR. CANNATA: You're incorrect by that. A fireman and policeman can sue the City, but they have to allege a specific violation of law, a rule. But as far as I know, there are no plaintiffs -- they do have some. I'm being told they do have a couple. So, Judge, they have to straighten that out.

THE COURT: What's the situation?

MR. DUBANEVICH: Your Honor, William J. Dubanevich. We do have firefighters and police officers who are in the 102 classification. And that is why we had to allege violations of the General Municipal Law.

THE COURT: So what do you want me to do, Mr. Hopkins?

MR. HOPKINS: Well, after all the Sturm und Drang that we've had to get to this point to try to finalize pleadings, we now have master complaint filed which does not include allegations regarding General Municipal Law.

We have check-off complaints from Cannata and Grochow that don't make reference to that because it's not there. But now, and really, I think, for the first time we're hearing from the Napoli Worby Groner firm that they do have allegations to make under those provisions, and they are not in the master complaint. So their check-off complaint refers back to the master complaint that doesn't contain those types of claims.

THE COURT: So the first assertion of the claim is the check-off complaint, and presumably you're going to move to dismiss them because of the issue of limitations.

MR. HOPKINS: Undoubtedly. And I'm sure other substantive reasons, as well.

THE COURT: Like what? Just to give me a heads-up.

MR. HOPKINS: I've not looked at the check-off complaints, so I can't speak to whatever the clients are. But as to whether that is a proper vehicle for whoever these people -- these plaintiffs may be; whether they can rely upon

this provision in the General Municipal Law to make such a claim or not. It goes beyond any type of statute-type issue.

THE COURT: I'm not familiar with the law. I don't know what it is. But I'll take the statement from Mr. Cannata as expressing the law that if the City has violated a law that firemen and policemen can sue. You know, all this makes my head kind of swim. And I guess it begs the definition of what's involved in the 102 and later the 103 cases.

Forgetting about the technical definition of the World Trade Center, the way I looked at this is that 100 were the cases that were focused mainly against the City, because the Department of Design and Construction took the lead in the cleanup of the World Trade Center.

102 were cases where there were private or public homeowners independent of the Department of Design and Correction, to the Department of Design and Construction.

And 103 is where plaintiffs did some work under the jurisdiction of the DDC and other work under the jurisdiction

of private and public property owners. That's how I looked at it. I don't know if that's realistic or not.

MR. CANNATA: Your Honor, that's our position, as the Court just expressed. However, when you issued the order for 103, we believe you made an error, and you went to the earlier definition, the 100 definition, of what the World Trade Center site was.

THE COURT: I did?

MR. CANNATA: You inadvertently did that. And you did that --

THE COURT: It was the only definition that was at hand. Let me just tell you this: I thought, and let me expose my thinking so that if it's wrong, I want to know it's wrong.

I thought that DDC was in control of the cleanup operations with regard to all the property identified in that first order. And I think I took that definition from the Victims Compensation Fund. I don't remember exactly where I took it from, but I think I took it from there. And that may be the cause of the problem, I don't know. And I don't know what is feasible here.

MR. CANNATA: Well, the practical effect of it is, Judge, that by using the definition from 100 that you used that was made before 102 was created, you've essentially put almost all of the plaintiffs from 102 back into the 100 case and thus, the 103 case.

THE COURT: I didn't intend that.

MR. CANNATA: I know you didn't intend it, Judge. But I'm just telling you, for example, with our cases, I have our 45 or so plaintiffs, we would end up with about 35 of them into 103, and only a handful, eight or nine or ten, in 102. And I don't think that's what the Court intended.

THE COURT: No, it's not what I intended. I also raised the issue of the lead counsel issues with regard to 102 and 103. Because it was my conception that the 102 case had involved lawsuits against others in the City through DDC. And therefore, I thought it not particularly appropriate that the same plaintiffs' lawyers are the same defendants' lawyers be

functioning on 102. And I've never really resolved that issue. Mr. Tyrrell.

MR. TYRRELL: Your Honor, I'd like to jump an issue back, as we've moved ahead to the issue of whether there should be broader representation at the level of the liaison, not lead, but liaison counsel. I'd like to speak to that later, but I'd like to respond to Mr. Cannata's point.

We have been operating for more than two years now with a particular definition that was born in the 100 docket that your Honor created as to what was the geographic area, the 16 acres covered by that docket. But it is not true when you created 102, you'll remember we objected to it at that time, we said, Don't bother breaking them up; keep them altogether.

we're over that. But when you created 102, you took the reciprocal of that definition; you said other things --

THE COURT: That's right.

MR. TYRRELL: -- in that 16 acres.

THE COURT: That's right.

MR. TYRRELL: Now, that made great sense. Because whether the claim occurred in lower Manhattan or occurred, as Mr. Cannata says, here in this courthouse, and frankly, I think the only one in this courthouse who possibly got sick is your Honor for working too hard on the case. But that's a different kind of claim.

THE COURT: I need a remedy.

(Laughter)

MR. TYRRELL: You need a remedy. I think it's more than over-the-counter, your Honor. If we go back now and change, so I'm now focused exactly on that issue --

THE COURT: My wife said retire. I said the case will follow me.

(Laughter)

MR. TYRRELL: If we go there now, okay, we're going to ditch all of the definitions and organizational stuff that we had. But then when you look at what Mr. Cannata proposes in his letter, which is something that is supposed to be better, and of course, you said nobody's substantive rights is going to be affected by this. This is just to help get it organized.

His definition will turn on whether the City of New York is a defendant in each case. That makes no sense whatsoever.

So in his definition, someone who worked on the pile and sued only Tully, it would no longer be a 100 case, because the City of New York would have to be in it, according to his proposed --

THE COURT: If someone worked on the pile and worked for Tully --

MR. TYRRELL: And didn't sue New York, too, it wouldn't any longer be a 100 case.

THE COURT: Well, who would he sue?

MR. TYRRELL: I don't know. It's amiss.

MR. CANNATA: I didn't say that, Judge.

MR. TYRRELL: We don't need to change this.

MR. CANNATA: Judge, excuse me. I didn't say that in my letter. I said outside on the mound.

THE COURT: Stop. Stop. What's the justification of having a different collection of cases in 102 from what I have in 100? I'll answer it. It's because it's a different defendant.

The City, except as an owner of property, is not involved. The violations alleged of the labor law were by the managers and owners of the specific properties. I mean, folks, that's what I had in mind.

MR. TYRRELL: And your Honor, at this point we're not suggesting we change that.

THE COURT: The definition.

MR. TYRRELL: It is Mr. Cannata who is suggesting --

THE COURT: My definition.

MR. TYRRELL: -- that your definition be changed. So now if someone worked, and let's take the Deutsche Bank building as an example. It was under the control, we believe, of the DBS for the cleanup. It was completely -- it wasn't not banned, it was destroyed.

THE COURT: DBS?

MR. TYRRELL: I'm sorry, Department of Design and Construction.

THE COURT: I don't think sanitation was involved.

MR. TYRRELL: Right. Now, that building was never reoccupied, okay. So as to that building, if you now took his definition and transferred that out because it was originally a private building, we would be creating yet more confusion.

THE COURT: I think DDC was involved with Deutsche Bank.

MR. TYRRELL: That's why it should stay in 100.

THE COURT: That's why Verizon is in 100 also.

MR. TYRRELL: And you've already ruled on those applications as to Verizon, and I know Verizon's counsel wants to speak to that. But if you followed Mr. Cannata's suggestion

now, all of the Verizon cases and the Verizon building would move to the 102 docket.

THE COURT: I've taken the position throughout that substantive rights should not be affected by how I categorize the case. Because I never really felt confident in my definitions. And I didn't want substantive rights to be affected by it.

It was my impression that Deutsche Bank, which is across the street from is it One or Two World Trade Center, was treated like it was part of the World Trade Center in terms of the cleanup operations. But the buildings on Rector Street, to draw an example, two blocks away, three blocks away, I don't remember exactly, should not be in the same category as the World Trade Center.

Now, you ask what about the buildings in between, the church, for example, across the street, the other way to the World Financial Center. The World Financial Center is in the definition, I see. I don't know why. I guess DDC functioned there, so maybe that's why.

MR. TYRRELL: One of the reasons is debris fell into those buildings, structural debris that was the same type that's being cleaned up on the ground fell over and went right

76FVWORC.TXT

into the Deutsche Bank building.

THE COURT: You know, I don't really care, except to the extent that the category is driving a different result from

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

22
76FVWORC Conference

that which we normally obtain. And I need to be alerted to that when it happens.

Why I challenge your leadership, Mr. Tyrrell, it's not because I don't admire your leadership. And I will tell you very candidly, although we've had our differences in these cases, one way that I've been able to administer the cases is because of the hard work that you and Mr. Hopkins and your other colleagues have put into this case. I'm indebted to you. And I have no doubt but that 102 and 103 will benefit from your leadership, as well.

But what I'm bothered by is that as I look at these cases, DDC was not involved. And it should not be taken to task for providing masks or not providing masks, or giving education or not giving education. If that's the case, why are you involved? Why do you care, except as a friend of the Court. I'm glad to have your friendship, but there's a conflict issue.

MR. TYRRELL: I'll tell you why I care, and then I'll tell you why you shouldn't worry about it. Okay?

THE COURT: Okay.

MR. TYRRELL: First, I care because according to my colleagues over here, the City of New York in the 102 docket is currently in 65 to 95 actions. I am their counsel.

THE COURT: As owner?

MR. TYRRELL: We don't have the specific complaints

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

23
76FVWORC Conference

yet, but we assume so, yes. As either a tenant or an owner, yes, in 65 to 95 of those actions. And is in a whole bunch of actions that will be in that status in the 103 docket, as well.

THE COURT: By all means you have to be in the case, but there have to be others.

MR. TYRRELL: We completely agree with that, let me tell you the --

THE COURT: No one is stepping up.

MR. TYRRELL: Well, that's the problem. But let me tell you why you don't have to be concerned about the thing you put in your order, which is the issue of conflict. Why? Because when you serve as liaison counsel, the general law is it isn't a conflict; your duty of loyalty still runs to your client. You have a duty to the Court and everybody else to serve as liaison --

THE COURT: I accept that, Mr. Tyrrell, as long as there are others in the group to protect different interests.

MR. TYRRELL: Couldn't agree with you more. But one last point, because I went and looked it up. You, very smartly, in the order you entered when you created liaison counsel, specifically said in CMO No. 2 way back when that there would be no conflicts by serving in that position.

So only the issue you have now addressed is the right issue, which is would some other people please step up so that there is a broad enough representation.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300
Page 11

# EXHIBIT H

824681A03081607


The Legal Center
One Riverfront Plaza
6th Floor
Newark, NJ 07102
973-848-5600

---

973-848-5601
www.pattonboggs.com

August 1, 2007

**Via Electronic Mail**

Hon. Alvin K. Hellerstein, U.S.D.J.
United States District Court for the Southern
District of New York
500 Pearl Street, Room 910
New York, New York 10007

Re: *Kirk Arsenault, et al. v. Tully Construction Co., Inc., Tully Industries Inc., and Deutsche Bank*, Docket No. 04-cv-5338 (AKH)

Dear Judge Hellerstein:

Counsel for the parties in the above-captioned action hereby submit this joint letter to request the Court's determination of the defendants' request to transfer this action from the 21 MC 102 docket to the 21 MC 100 docket.

***Defendants' Position:***

Counsel for Tully Construction Co. Inc. and Tully Industries, Inc. ("Tully") respectfully requests the transfer of the above-captioned action (the "*Arsenault* action") from the 21 MC 102 docket to the 21 MC 100 docket. Co-defendant Deutsche Bank Trust Company Americas ("Deutsche Bank") does not object to Tully's request under the circumstances presented here.

Plaintiffs' counsel Robin Wertheimer, Esq. represents three plaintiffs in actions allegedly arising out of those plaintiffs' work allegedly related to the rescue, recovery and debris removal efforts following the collapse of the World Trade Center ("WTC") on September 11, 2001. Those plaintiffs are Kirk Arsenault, Steven Zablocki and Richard Racioppi. The latest version of the *Arsenault* complaint (filed October 13, 2004) (currently

pending in the 21 MC 102 docket) encompassed claims brought by two plaintiffs: Kirk Arsenault and Steven Zablocki. Mr. Zablocki's claims apparently were subsequently severed from the *Arsenault* action on December 26, 2006, when a separate individual complaint was filed in Mr. Zablocki's name under Civil Action No. 06-cv-15494 (the "*Zablocki* action"). The *Zablocki* action thereafter was docketed in 21 MC 100. Despite the apparent severance of Mr. Zablocki's claims from the *Arsenault* action, however, plaintiffs' counsel has not filed any amended pleading in the *Arsenault* action to reflect such severance. Furthermore, plaintiffs' counsel has failed to file a check-off complaint in the *Arsenault* action (notwithstanding the Court's prior order that check-off complaints for all actions in 21 MC 102 were to be filed by June 14, 2007).[1]

Plaintiffs' counsel Ms. Wertheimer previously wrote the Court to request the transfer of the *Zablocki* action from the 21 MC 100 docket to the 21 MC 102 docket. Defendants' counsel were never copied on plaintiffs' counsel's communication to the Court. Responding to plaintiffs' counsel's request, the Court ruled that the *Zablocki* action should "remain classified as related to 21 MC 100, and remain subject to the Second Circuit's stay." (April 13, 2007 Order Denying Motion to Transfer Dockets, Docket No. 06-cv-15494, 21 MC 100 (AKH)) (the "*Zablocki* Order"). Specifically, the Court indicated that plaintiff Zablocki's request to transfer his case from 21 MC 100 to 21 MC 102 was denied on the grounds that his complaint alleged that he worked at the Deutsche Bank building at 130 Liberty Street which is "considered part of the World Trade Center site, as defined in Case Management Order No. 3, 21 MC 100 (Feb. 7, 2005)."[2] The Court also denied plaintiff Zablocki's transfer request

---

1 The action of plaintiff Richard Racioppi, captioned *Richard Racioppi v. Tully Construction Co., Inc., Tully Industries Inc., and Deutsche Bank*, Index No. 112407/04 (latest complaint dated October 13, 2004), is not the subject of this joint letter as plaintiffs' counsel has indicated that the *Racioppi* action shortly will be voluntarily dismissed or withdrawn. If that understanding is incorrect in any way, then Tully respectfully requests, without objection from Deutsche Bank, that the *Racioppi* action also be transferred from the 21 MC 102 docket to the 21 MC 100 docket for the reasons set forth herein. Although the *Racioppi* action (like the *Arsenault* action) currently is docketed in 21 MC 102, no check-off complaint has been filed in the *Racioppi* action.

2 Deutsche Bank does not concede that the definition of the World Trade Center site in CMO 3 is necessarily dispositive of Tully's request. In Deutsche Bank's view, it is the nature of a given plaintiff's work, not just the location, that should dictate whether the case is designated to 21 MC 100 or 21 MC 102. However, the parties need not debate that issue in the present application because the type of work performed by Arsenault, Zablocki, and Racioppi, on behalf of a City contractor, militates in favor of their designation to 21 MC 100.

because defendant Tully is one of the contractors of the City of New York involved in the 21 MC 100 docket and is one of the contractors involved in the interlocutory appeal to the Second Circuit which resulted in a stay of all 21 MC 100 proceedings. *See Zablocki* Order.

Just like the *Zablocki* action, the *Arsenault* action belongs in the 21 MC 100 docket and should be transferred there and stayed. The allegations of plaintiff Arsenault are identical to those of plaintiff Zablocki. *Compare Kirk Arsenault et. al. v. Tully Construction Co., Tully Industries Inc., and Deutsche Bank*, Index No. 04 CV 5338 at ¶¶ 11, 14 ("*Arsenault* Complaint") *with Steve Zablocki v. Tully Construction Co., Inc., Tully Industries Inc., and Deutsche Bank*, Index No. 06-CV-15494 at ¶¶ 11, 14 ("*Zablocki* Complaint").[3] Plaintiffs' counsel has indicated that plaintiffs Arsenault and Zablocki worked side-by-side in the Deutsche Bank building.[4] Both plaintiffs[5] have brought suit against Tully and Deutsche Bank for the WTC-related work in which they allegedly were involved. *Compare Arsenault* Complaint at ¶¶ 4, 6, 40 *with Zablocki* Complaint at ¶¶ 4, 6, 45. And finally, both plaintiffs[6] Arsenault and Racioppi allege that they were employed by Manfort Brothers Inc., a subcontractor of Tully, and worked doing debris removal and cleanup work in the Deutsche Bank building. *Compare Arsenault* Complaint at ¶ 11 *with Zablocki* Complaint at ¶ 11. Manfort Brothers, Inc. conducted this work as a subcontractor to Tully who was working as one of the City of New York's contractors in the rescue, recovery and debris removal effort.

Given the identical nature of the *Arsenault* and *Zablocki* claims and for the reasons already articulated by the Court in the *Zablocki* Order, Tully respectfully requests that the *Arsenault* action be transferred from the 21 MC 102 docket to the 21 MC 100 docket. Should the Court require that a formal motion be filed seeking this result, Tully respectfully requests the opportunity to promptly file such motion upon request of the Court. Although Tully is protected by a current stay from the Second Circuit, we respectfully request that the time to respond to the Master Complaint be extended with respect to Defendants during the pendency

---

3 And the allegations of plaintiff Racioppi are the same. *See, e.g., Racioppi* Complaint at ¶¶ 13, 16.

4 With plaintiff Racioppi. *See id.* at ¶ 16.

5 And Racioppi. *See id.* at ¶ 7.

6 And Racioppi. *See id.* at ¶ 13.

of this letter request to avoid prejudice should the Court disagree with respect to the relief requested herein.

***Plaintiffs' Position:***

Plaintiff Kirk Arsenault objects to the proposed transfer of his case from its present docket. The defendants' proposal is highly prejudicial and, under its own reasoning, entirely unfounded.

Plaintiffs Arsenault and Zablocki, working side by side, were employed by Manfort Brothers, a sub contractor of Tully, to dismantle the Deutsche Bank building at 130 Liberty Street in the aftermath of September 11. These men were employed in the fairly unique job of "burners" or, burning the steel of the building in such a way as to control its demolition. In the course of this employment, they were exposed to molds and other toxins which have caused them serious injuries. Their employ commenced on or about October 15, 2001.

In 2004, Arsenault and Zablocki brought one complaint under, *inter alia*, the labor law. It was filed in the Southern District on diversity grounds because these men reside in Massachusetts. As the docket illustrates, it was moved from Judge Kram, to Judge Cedarbaum to Judge Castel, then a pretrial conference was held before Judge Casey before it went to Judge Daniels, and it finally landed, despite plaintiffs' objections, with the World Trade Center cases. However, were it to be designated a World Trade Center case, it was more properly designated as an off-site case, in 21 MC 102.

The reasoning given by the defendants in this letter do not justify a reassignment of this case to the stayed docket. These plaintiffs' type of work does not in any way "militate on favor of their designation to the 21 MC 100 docket". The type of work that they did was not in any way "related to debris removal and clean up work". These quotes are from the defendants' portion of this letter in support of its reasoning. Should the type of work they did be a motivating factor in the reclassification, then defendants' argument must fail because, as mentioned above, their work was to dismantle a building more than a month after the disaster. (As we all know, that job was not completed; the building still stands.)

Plaintiff Zablocki was severed from the joint initial complaint pursuant to the Court's Order that all plaintiffs file separate complaints. Prior to his new complaint being filed, Zablocki had been docketed with Arsenault in 21 MC 102. In severing his complaint from Arsenault's, Zablocki ended up in the 21 MC 100 docket. At a 21 MC 102 conference before Judge Hellerstein, the undersigned requested the Court's guidance as to how to reunite these two plaintiffs in the 21 MC 102 docket. The instruction was to write to Judge Hellerstein and

request that he direct the clerk of court to move Zablocki into the 21 MC 102 docket. Two such requests on behalf of Zablocki were denied.

Plaintiff Arsenault did file a check off complaint in the 21 MC 102 docket in a timely manner. Arsenault has been in the off site docket since its inception. It only makes sense that a worker who worked after October 15, 2001 in a job that entailed strictly demolition be in the 21 MC 102 docket. Defendants have waited until now to try to move this case to the stayed docket because of the error that was promulgated with the Zablocki case after his complaint was separately filed. Defendants have had years to request this transfer, but never did because there was no substance to this request prior to the severance and reassignment of the Zablocki matter.

Given the fact that there is a possibility of the stayed 21 MC 100 cases being dismissed by the Second Circuit Court of Appeals, the prejudice to this plaintiff is immeasurable. As the defendants' portion of this letter suggests, the designations of these dockets are not immutable. In this letter, Tully does not agree with Deutsche Bank as to the definition of the World Trade Center site. But they both agree that the nature of the work has some weight. These defendants then proceed to mischaracterize the nature of the work performed by these plaintiffs as clean up and debris removal. Should this be a deciding factor, then it clearly does not support moving this plaintiff into a docket with such workers and their request must be denied. Furthermore, it seems highly prejudicial to move a plaintiff into a stayed docket at such a late date when the case has not been previously classified as such nor has this plaintiff been given the opportunity to make timely objections on his own behalf (with all respect to, and admiration for, the papers filed on behalf of the plaintiffs in the 21 MC 100 docket).

The request of the defendants to move Kirk Arsenault's case from its present place in the 21 MC 102 docket into the 21 MC 100 docket should be in all respects denied and as the request is based mostly on the reassignment of the Zablocki action, the Court is asked to reconsider its placement of the Zablocki action.

Respectfully submitted,

s/
Mark Weber, Esq.
MOUND COTTON WOLLAN & GREENGRASS
Counsel for Tully Construction Co. Inc., Tully Industries, Inc.

s/
James E. Tyrrell, Jr., Esq.
PATTON BOGGS LLP
Counsel for Tully Construction Co. Inc., Tully Industries, Inc.

s/
Marc D. Crowley, Esq.
DAY PITNEY LLP
Counsel for Deutsche Bank Trust Company Americas

s/
Robin S. Wertheimer
WERTHEIMER ASSOCIATES, P.C.
Counsel for Plaintiff Kirk Arsenault

# EXHIBIT I

21 MC 102

In Re World Trade Center Lower Manhattan Disaster Site Litigation

| In Re World Trade Center Lower | Case Number |
|---|---|
| Byron Acosta | 07cv1552 |
| Luis Adriano | 07cv4445 |
| Gladys Agudelo | 07cv4446 |
| Enrique Ali | 07cv1554 |
| Raul Allivar | 05cv9821 |
| Maria E. Alvarez and Carlos Chavarriage | 05cv10135 |
| Jose Alvarracin | 07cv1556 |
| Kirk Arsenault | 04cv5338 |
| Ivan Ascencio | 07cv1460 |
| Marcelo Atiencia | 07cv1562 |
| Peter B Bailon | 07cv5336 |
| Jose Barahona and Domenica Barahona | 07cv5550 |
| Hector Betancourt | 07cv4453 |
| Leopoldo Burgos | 07cv1473 |
| Manuel Caguana and Antonia Caguana | 06cv11968 |
| Ivan Calero and Reyna Calero | 07cv1575 |
| Wilson Calle | 07cv1578 |
| Rey R. Campoverde | 07cv5280 |
| Rodrigo Campozano | 07cv4459 |
| Edison Cardenas | 07cv1580 |
| Silvia Castillo and Segundo Castillo | 05cv1718 |
| Nancy Chuva | 07cv1589 |
| Yolanda Cintron | 06cv5631 |
| Jorge E Cortez | 07cv5394 |
| Lidia Cortijo | 07cv317 |
| Nancy Criollo and Lawrence Zenteino | 07cv4462 |
| Clara Dota | 07cv1602 |
| Jesse Drake and Susan Drake | 07cv5353 |
| Stanislaw Drozdz and Monika Drozdz | 06cv14620 |
| Inerva Duarte | 07cv1603 |
| Elvia Dutan and Wilfredo Dutan | 07cvl606 |
| Jorge Encalada | 07cvl607 |
| Luis Franco | 07cv4466 |
| Janina Frelas | 07cv1612 |
| Norberto Gallardo | 07cv5290 |
| Viviana Garcia | 07cv1617 |
| Peter Gaspar | 05cv10739 |
| Leonard Gawin and Miroslawa Gawin | 07cv1619 |
| Samuel T. Giamo and Rosemary Giamo | 06cv11676 |
| Hitien E Giraldo | 07cv5554 |
| Rosa Gualpa | 07cv4472 |
| Armando Guzman | 07cv5556 |
| Avenia Hernando and Nidia Hernando | 07cv4473 |
| Julio Hurtado and Elda Monica Hurtado | 07cv5295 |
| Manuel Idrovo | 07cv1628 |
| Edgar Idrovo | 07cv1627 |
| Jorge Inga | 07cv1629 |
| Jozef Jablonski and Agnieszka Jablonska | 07cv1630 |
| Jonas Jaramillo and Blanca Romelo | 06cv14746 |

| Plaintiff | Case Number |
|---|---|
| Marian Karus and Barbara Karus | 07cv1635 |
| Edward Kosowski | 07cv5299 |
| Ana Lascano | 05cv9333 |
| Andrzej Lasica and Ewelina Lasica | 07cv4480 |
| Carlos Lenis and Lucia Lenis | 06cv10045 |
| Ines Leon and Luis E. Quezada | 07cv4481 |
| Cesar Leon and Agnes Dipini | 07cv63 |
| Wilmo Loja | 07cv4482 |
| Fernando Lucero | 07cv5366 |
| Rosa Medina | 07cv4491 |
| Maria E. Melendez | 07cv5397 |
| Juan Mendez and Kareen Mendez | 07cv1664 |
| Carlos Merchan and Martha Merchan | 07cv1665 |
| Eugenic Mora and Olga Mora | 06cv13168 |
| Tatiana Morales and James Fink | 07cv5370 |
| Sandra Moreno | 07cv1670 |
| Luis Naranjo and Rosa Naranjo | 05cv10738 |
| Walter Naranjo and Miriam Naranjo | 07cv4496 |
| Oscar Negrete | 07cv5371 |
| Sean O'Connell and Carole O'Connell | 07cv5374 |
| Rosa Palaguachi and Rigoberto | 07cvl680 |
| David Reynolds and Katherine Reynolds | 07cv3446 |
| Marcel Rhoden and Deirdre L. Worley | 07cv5311 |
| Maximo Riera and Fanny Riera | 07cvl519 |
| Patricio Rodas and Taina Ruiz | 07cv1694 |
| Jaime Rojas and Johanna Hernandez | 07cv451I |
| Mieczyslaw Romaniuk | 07cv5316 |
| Victor Salazar | 07cv4512 |
| Rosa Sanchez and Hector Albarracih | 06cv12488 |
| Edilberto Sanchez | 07cv5384 |
| Emanuel Santamaria | 07cv1528 |
| Gala Sarmiento | 07cv1529 |
| Edwin Sarmiento and Nora Sarmiento | 07cv4515 |
| Teresa Serrano | 05cv8937 |
| Raul Siguencia | 07cv1533 |
| Felipe Suarez | 07cv1707 |
| Samuel Sumba and Mercedes Sumba | 07cv1710 |
| Pedro Tamayo and Gabriella Tamayo | 07cv1538 |
| Nicholas Teham | 07cv5564 |
| Julia Tenezaca | 07cv1714 |
| Cesareo Teran | 07cv5389 |
| Jeanne Thorpe | 07cv1715 |
| Carlos A. Valencia and Gloria N. Bonilla | 07cv5324 |
| Rommel Vasquez and Rosa A. Gomez | 07cvl543 |
| Kattia Vazquez and Peter Vazquez | 07cvl722 |
| Severo Vega and Lila Gonzalez | 07cv4521 |
| Segundo Villarroel and Martha L. Villarroel | 07cv1546 |
| Kleber Villarruel | 06cvl3703 |
| Kevin Walsh | 06cv12608 |
| Robert Waniurski and Ewa Waniurski | 07cv4524 |
| Ancil Watson | 07cv5391 |
| Clarence Wragg and Cecilia Wragg | 06cv8125 |